

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DR. WILLIAM P. GRESS, on behalf of himself and a class, )<br><br>Plaintiff, )<br><br>v. )<br><br>NORTHWOOD, INC., and JOHN DOES 1-10, )<br><br>Defendants. ) | 12 C 7278<br><br>Judge Dow<br>Magistrate Judge Kim |

### ORDER GRANTING MOTION FOR
### PRELIMINARY APPROVAL OF SETTLEMENT

The Motion of Plaintiff Dr. William P. Gress ("Plaintiff") for Preliminary Approval of Class Action Settlement and Notice to the Class with Defendant Northwood, Inc. ("Northwood" or "Defendant") came on for hearing on March 13, 2013.

Having considered Plaintiff's moving papers, the signed Settlement Agreement (the "Settlement Agreement") attached as Appendix A to Plaintiff's Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The Class Notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

1

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d) This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1. The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> all chiropractors or chiropractic clinics/offices with fax numbers who were sent an unsolicited facsimile advertisement by or on behalf of Northwood, Inc., from September 12, 2008 to May 7, 2012, (the "Settlement Class").

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed.R. Civ. P. 23(a) and (b). The class as defined in the Settlement Agreement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class

predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court preliminarily appoints Plaintiff Dr. William P. Gress as Class Representative of the Settlement Class and finds that he meets the requirements of Fed. R. Civ. P. 23.

4. The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23: Daniel A. Edelman and Heather A. Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603.

5. The Court orders Northwood to deliver $35,000 to Settlement Class Counsel within 14 days of the entry of the Preliminary Approval Order to be held in the Settlement Class Counsel's firm's escrow account pending the Effective Date or termination of the Settlement Agreement. Settlement Class Counsel agree to and are ordered to hold this settlement payment in the firm's trust account for the Settlement Class. Settlement Class Counsel may withdraw an amount to cover sending the Class Notice by U.S. Mail up to $2,000 from the Settlement Fund being held in Settlement Class Counsel's escrow account. Any amount withdrawn from the Settlement Fund to pay for U.S. Mail Notice, shall not be included in any request by Settlement Class Counsel for reimbursement at Final Approval of the Settlement Agreement. Settlement Class Counsel must seek approval from the Court to withdraw from the Settlement Fund any amount greater than $2,000 to cover costs related to the Notice Program.

6. If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) Defendant withdraws from the Settlement Agreement; (iii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iv)

3

the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) this case shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

7. Plaintiff's Counsel or the Administrator shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

8. The form of notice that Settlement Class Counsel or their agent will provide is attached as Exhibit 1 to the Settlement Agreement. By April 17, 2013, Plaintiff's Counsel or their agent are ordered to send the Notice substantially in the form of Exhibit 1 and a Claim Form substantially in the form of Exhibit 2 by U.S. Mail to each Class Member identified on the Fax List. Settlement Class Counsel will also publish Exhibit 1 and the Settlement Agreement, excluding exhibits, on www.edcombs.com. This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons

entitled to notice of the proposed settlement of this lawsuit. Within 21 days of the date that Notice was sent by U.S. Mail, Plaintiff's Counsel or their agent may provide a second round of notice in the form of Exhibit 1 to the Settlement Agreement by facsimile to those Class Members who have not responded to the Class Notice. The Court finds that no other notice is necessary. The Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who call to request it.

9. To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a) Claim Forms shall be returned by Class Members to Settlement Class Counsel or their agent by fax or mail postmarked on or before June 17, 2013. Claims not submitted by this date shall be barred.

(b) Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by fax or mail postmarked to Settlement Class Counsel and Defendant's Counsel on or before June 17, 2013, or shall be forever barred. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity), address and telephone number; (b) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement of the objection to the Settlement Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(c) All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Plaintiff's Counsel and counsel for Defendant by fax or mail postmarked on or before June 17, 2013, or shall be forever barred.

(d) Requests by any Class Member to opt out of the settlement must be faxed or mailed to Defendant's Counsel and Settlement Class Counsel or their agent on or before June 17, 2013, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name, address, and telephone number; (b) the telephone number for the facsimile machine on which the Class Member was sent the fax; (c) the Class Member's signature or that of the Class Member's representative (such as a business's officer or manager); and (d) a statement to the effect that the Class Member does not want to participate in the settlement and waives all rights to any benefits of the settlement.

10. Plaintiff's Counsel or their Administrator shall file an affidavit regarding notice by May 29, 2013.

11. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than April 25, 2013.

12. Plaintiff's Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by July 17, 2013.

13. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on ~~July~~ August 6, 2013 at 9:30 a.m.

14. All papers in support of or in opposition to the Settlement Agreement shall be filed no later than July 17, 2013. Any responses to objections shall be filed with the Court on or before July 17, 2013. There shall be no replies from objectors.

15. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated, and the Settlement Fund held in escrow by Plaintiff's Counsel shall be returned less any costs incurred by Plaintiff's Counsel up to $2,000, to notify the Class Members of the Settlement Agreement to counsel of record for Northwood within three business days of that occurrence.

16. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

17. Class-settlement.com, PO Box 9009, Hicksville, NY 11802-9009 will be the Class Administrator.

ENTER:

Dated: 3-13-13

_____
United States District Judge