IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. WILLIAM P. GRESS, ) | | |
| on behalf of himself and a class, ) | | |
| ) | | |
| Plaintiff, ) | | 12 C 7278 |
| ) | | |
| v. ) | | Judge Dow |
| ) | | Magistrate Judge Kim |
| NORTHWOOD, INC., ) | | |
| and JOHN DOES 1-10, ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER OF FINAL APPROVAL OF SETTLEMENT**

On March 13, 2013, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on his own behalf and on behalf of the Settlement Class (as defined below), and Defendant, as memorialized in the Settlement Agreement (the "Settlement Agreement").

On August 6, 2013, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All chiropractors and chiropractic clinics/offices with fax numbers who were sent an unsolicited facsimile advertisement by or on behalf of Northwood, Inc., from September 12, 2008 to May 7, 2012(the "Settlement Class").

5. The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Dr. William P. Gress is designated as representative of the Settlement Class.

7. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

8. The certification of the Settlement Class is non-precedential and without prejudice to Defendant's rights if the Settlement Agreement and this Order Finally Approving the Settlement do not become effective as provided in the Settlement Agreement.

## Class Notice

9. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

10. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by U.S. Mail (and by facsimile where there was no response to the Class Notice after the first round of Notice was sent by U.S. Mail) to each Settlement Class Member whose identity could be identified through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on their firm's website, www.edcombs.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. A total of 10 Settlement Class Members submitted valid and timely claim forms. Three Settlement Class Members submitted claims for more than one facsimile.

## Objections and Opt-Outs

11. No objections were filed by Class Members.

12. No Class Members submitted requests for exclusion from the Settlement.

3

### **Class Compensation**

13. In accordance with the terms of the Settlement Agreement, Defendant has paid $35,000 to Plaintiff's Counsel in escrow for the Settlement Fund pursuant to the procedures set forth in paragraphs 4 and 5 of the Settlement Agreement.

### **Releases**

14. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in paragraph 10 of the Settlement Agreement.

### **Award of Attorneys' Fees, Costs, and Incentive Award**

15. The Court has considered Settlement Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $10,500 as an award of attorney's fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable. Costs of notice and administration of the Settlement have been sufficiently supported and shall be paid from the Settlement Fund. This amount shall be paid within 14 days of the Effective Date.

16. The Court grants Settlement Class Counsel's request for an incentive award to the class representative and awards $3,000 to Dr. William P. Gress. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund and shall be paid within 14 days of the Effective Date.

### **Other Provisions**

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents

4

(including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

19. The Court orders Settlement Class Counsel or their agent to deliver the Settlement Fund to the Administrator, less attorney's fees and costs approved by the Court, within three business days of the Effective Date. If the order of Final Approval is withdrawn or vacated by this Court or reversed on appeal, Settlement Class Counsel shall return the Settlement Fund, less costs up to $2,000 incurred by Settlement Class Counsel to notify the Class Members of the Settlement Agreement, to counsel of record for Defendant Northwood within three business days.

20. Defendant designates Blum's Landing as a *cy pres* recipient. Settlement Class Counsel or their Administrator shall provide and distribute a check payable to this charity 30 days following the void date on the Settlement Class Members' checks.

21. Settlement Class Counsel or their Administrator shall file an affidavit of final accounting of the settlement by January 20, 2014.

22. Class Counsel are authorized to retain Class-settlement.com, PO Box 9009, Hicksville, NY 11802 as the Class Administrator to make claim payments and otherwise administer the Settlement Fund.

23. Class Counsel or the Administrator are to issue W-9 forms to the 3 Settlement Class Members who will recover more than the taxable threshold. These Settlement Class Members will have 30 days to respond to a request to complete a W-9 form.

24. Status and hearing on final accounting of the class settlement is set for January 28, 2014 at 9:00 a.m., without further notice.


ENTER:


Dated: 8/6/2013 _____
Robert M. Dow, Jr.
United States District Judge